**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MAURICE WASHINGTON, JR.**                                **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.: 1:13CV53-GHD-DAS**

**OKTIBBEHA COUNTY, COUNTY SERGEANTS
ANDRE QUINN AND WILLIAM FORD, IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITES**      **DEFENDANTS**

**AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW Plaintiff Maurice Washington, Jr. (hereinafter Plaintiff), by and through his attorneys of record, and files this, his AMENDED COMPLAINT, and would allege the following:

<u>PARTIES</u>

1. Plaintiff is an adult resident citizen of Mississippi, residing at 375 W. Lane Drive, Jackson, Mississippi 39209.

2. Defendant Oktibbeha County (hereinafter Defendant County) is county entity that may be served with process by service upon Monica W. Banks, Chancery Clerk, at the office of the Chancery Clerk, located at 101 E. Main Street, Starkville, Mississippi 39759.

3. Defendant County Sergeant Andre Quinn (hereinafter Defendant Quinn) is an adult resident citizen of Mississippi, employed with the Oktibbeha County Sheriff's Department, and can be served with process at 111 Douglas L. Conner Drive, Starkville, Mississippi 39759.

4. Defendant County Sergeant William Ford (hereinafter Defendant Ford) is an adult resident citizen of Mississippi, employed with the Oktibbeha County Sheriff's Department, and can be served with process at 111 Douglas L. Conner Drive, Starkville, Mississippi 39759.

## JURISDICTION

5. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

6. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Oktibbeha County, Mississippi.

## VENUE

7. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Oktibbeha County, Mississippi.

## UNDERLYING FACTS

8. On or about August 24, 2012, Plaintiff was attending a party at a local apartment complex in Oktibbeha County, believed to be the 21 Apartments, Bldg.

9. While inside of the apartment complex, Plaintiff and some acquaintances were watching television when the Defendant Sergeants stormed into the apartment, and demanded identification from everyone. Plaintiff attempted to comply with the Defendant Sergeants' demand, and reached for his wallet in his right back pocket.

10. Before Plaintiff could retrieve his wallet, in order to present his identification, the Defendant Sergeants viciously attacked Plaintiff, placing him in a headlock and twisting Plaintiff's arm behind his back. Plaintiff was then thrown to the floor, handcuffed, and tasered while he was handcuffed. After being taken outside, Plaintiff was tasered once again while he was lying face down on the ground. Plaintiff was then snatched to his feet, taken to the police car, and his head was hit against the roof of the car before he was thrown into the back seat.

11. Plaintiff was then transported to the police station, and upon his arrival, was tasered a third time, and thrown into the shower while fully clothed.

12. Plaintiff was never advised of his Miranda Rights, and was falsely charged with disorderly conduct and resisting arrest.

13. As a result of the foregoing, Plaintiff, a United States Marine, was caused to suffer physical, mental, and emotional injuries.

## COUNT ONE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

15. The Plaintiff alleges that the Defendants, with reckless disregard, inflicted extreme emotional distress upon Plaintiff's mind, spirit, and body. By condoning and/or ratifying the acts of the county sergeants involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

16. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of Plaintiff.

17. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TWO
## CIVIL ASSAULT AND BATTERY

18. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

19. The Defendants are liable for civil assault and battery. The Plaintiff alleges that the aforementioned Defendants, with reckless disregard, inflicted physical pain upon Plaintiff, by attacking him and tasering him, causing harm to his person. The aforementioned Defendants have caused Plaintiff to suffer from emotional problems and mental anxiety, as well as, bodily pain and suffering.

20. The reprehensible acts of the Defendants demonstrate reckless disregard for the safety and well-being of Plaintiff, who was not engaged in criminal activity at the time of his injuries

21. As a direct and proximate result of aforementioned Defendants' acts of reckless disregard, Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

22. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

23. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights. The Defendant County Sergeants lacked probable cause to arrest and subsequently charge Plaintiff. Further, despite Plaintiff not being involved in criminal activity at the time of his false arrest, he was not advised of his Miranda Rights.

24. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT FOUR
## EXCESSIVE FORCE

25. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

26. Plaintiff would show unto the Court that the Defendants took actions to deprive Plaintiff of his Fourth Amendment protection against excessive force.

27. The force used by the Defendant County Sergeants was excessive to the need, and not objectively reasonable under the circumstances.

## PRAYER FOR APPROPRIATE RELIEF

28. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

29. As a result of the acts of reckless disregard of the Defendants named herein, Plaintiff has suffered severe damages for which the Defendants should be held jointly and vicariously liable.

30. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity, and all other damages to be proved at trial.

31. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

32. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiff, and others similarly situated, as to amount to willful, wanton and/or intentional misconduct, thereby entitling Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants: compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, attorney's fees, and all costs of this proceeding, with such final amount being at least $500,000.00, or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi

Tort Claims Act or federal law, plus any recovery to be determined by a jury or finder of fact, and allowed under any applicable state laws and guidelines.

This the 26th day of August, 2013.

                                            RESPECTFULLY SUBMITTED,
                                            MAURICE WASHINGTON, JR.,
                                            PLAINTIFF

                                            By: /s Tangala L. Hollis_____
                                            CARLOS E. MOORE, MSB #100685
                                            TANGALA L. HOLLIS, MSB#103301
                                            COUNSEL FOR PLAINTIFF

OF COUNSEL:

**MOORE LAW OFFICE, PLLC**
1155 S. Martin Luther King, Jr. Blvd.
P.O. BOX 1487
GRENADA, MS 38902
(662)227-9940 (PHONE)
(662)227-9941(FAX)

Aafram Sellers, Esq.
Sellers & Associates, PLLC
5760 I-55 North, Suite 300
Jackson, MS 39211
601-352-0102
601-352-0106-fax

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 26th day of August 2013, I had this day served via the ECF system, and/or United States mail a true and correct copy of the above to the following counsel of record:

Sidney Ray Hill, III
CLAYTON O'DONNELL, PLLC
P.O. Drawer 676
Oxford, MS 38655
rhill@claytonodonnell.com

SO CERTIFIED this the 26th day of August, 2013.

                                                 s/ TANGALA L. HOLLIS
                                          _____
                                           CARLOS E. MOORE, ESQ.
                                         TANGALA L. HOLLIS, ESQ.