IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAURICE WASHINGTON                                          PLAINTIFF

VS.                              CIVIL ACTION NO.: 1:13-cv-00053-GHD-DAS

OKTIBBEHA COUNTY, MISSISSIPPI, et al.                    DEFENDANTS

**ANSWER TO AMENDED COMPLAINT**

COME NOW the Defendants, Oktibbeha County, Mississippi, Andre Quinn, and William Ford ("Defendants"), and for their Answer to the Plaintiff's Amended Complaint would state as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted against the Defendants.

**SECOND DEFENSE**

Certain purported claims in the Amended Complaint are barred by applicable statutes of limitations.

**THIRD DEFENSE**

The Defendants affirmatively state that the Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

**FOURTH DEFENSE**

To the extent the Plaintiff may seek excessive punitive damages, Plaintiff's recovery is limited by applicable provisions of the state and/or federal constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided

1

to the Defendants under the Constitution of the United States of America and/or the laws of Mississippi. Answering further, Defendants say:

  a. Plaintiff's claims of punitive damages and the provisions of Mississippi law governing the right to recover punitive damages or the determination of the amount of punitive damages violate the Constitution and/or the common law or the public policies of the United States.

  b. Plaintiff's claims of punitive damages and the provisions of Mississippi law governing the right to recover punitive damages or the determination of the amount of punitive damages violate the Mississippi Constitution and/or the common law or public policies of Mississippi.

  c. An award of punitive damages will violate the Defendants' rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

  d. Plaintiff's claims for punitive damages fail to comply with the standards set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996).

  e. Plaintiff's claims for punitive damages fail to comply with the standards set forth in <u>Kolstad v. American Dental Ass'n.</u>, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).

### **FIFTH DEFENSE**

The Plaintiff is not entitled to punitive damages as none of the actions taken by the individual Defendants relative to the Plaintiff were malicious, intentional, in bad faith or with callous or reckless disregard for the federally-protected rights of the Plaintiff. Furthermore, the individual Defendant is immune from suit for punitive damages as to the claims brought against him in his official capacity.

**SIXTH DEFENSE**

The Defendants state that they are entitled to the protection of sovereign immunity from lawsuit and liability pursuant to Miss. Code Ann. § 11-46-1 *et seq.* (Supp. 1996), the provisions of which bar the instant claims. Additionally, the Defendants claim they are entitled to all of the protections and rights afforded them under Miss. Code Ann. § 11-46-1 *et seq.* (1972, as amended), including the limitations of liabilities set forth therein, the prohibition against punitive damages, as well as the fact that Plaintiff is not entitled to a trial by jury pursuant to said Act.

**SEVENTH DEFENSE**

The individual Defendants are entitled to qualifiedly immunity as to all claims brought against his in his individual capacity pursuant to 42 U.S.C. §1983.

**EIGHTH DEFENSE**

Oktibbeha County may not be held liable under 42 U.S.C. §1983 because any deprivation of the Plaintiff's constitutional rights was not caused by a county policy or custom. Bolivar County is also immune from punitive damages for claims brought pursuant to 42 U.S.C. §1983.

**NINTH DEFENSE**

Without waiving the foregoing, Defendants asserts that, if any injuries or damages alleged in Plaintiff's Amended Complaint were incurred by the Plaintiff, which is denied, such injuries or damages were caused or contributed to by the acts or omissions of Plaintiff or others, for whose acts the Defendants have no liability, vicarious or otherwise.

**TENTH DEFENSE**

Without waiving the foregoing, Defendants assert that if any injuries or damages alleged in Plaintiff's Amended Complaint were incurred by the Plaintiff, which is denied, such injuries

or damages were caused or contributed to by independent, intervening or superseding acts or omissions of others for whose acts the Defendants have no liability, vicarious or otherwise.

**ELEVENTH DEFENSE**

Without waiving the foregoing, Defendants assert that if any injuries or damages, alleged in Plaintiff's Amended Complaint, resulted from any acts or omissions, which is denied, then such injuries or damages were caused, solely or in part, by the acts or omissions of others, for whom Defendants have no liability, thus reducing any recovery against said Defendants pursuant to Miss. Code Ann. § 85-5-7 (1972), as amended.

**TWELTH DEFENSE**

The Defendants plead all defenses available to them pursuant *to Heck v. Humphries*, 512 U.S. 477 (1994).

**THIRTEENTH DEFENSE**

Without waiving the foregoing, Defendants assert that in the event that the Court finds that Plaintiff did, in fact, suffer injuries and/or damages, which is denied, such injuries and/or damages were caused or contributed to by the Plaintiffs' failure to mitigate his damages.

**FOURTEENTH DEFENSE**

And now, answering the allegations of the Amended Complaint, paragraph by paragraph, the Defendants would respond as follows.

1. Admitted.

2. Admitted.

3. Admitted

4. Admitted

5. Denied

4

6. Denied

7. Denied

8. Admitted

9. Denied.

10. Denied

11. Denied

12. Denied

13. Denied

14. The allegations contained in paragraphs 14-32 are denied.

15. The allegations contained in the paragraph beginning with WHEREFORE are denied, and the Defendants would state that the Plaintiff is entitled to no relief whatsoever.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants respectfully request that this Court dismiss this action at cost to the Plaintiff and award them reasonable costs and attorneys' fees incurred in the defense of this frivolous matter. The Defendants also requests any other relief which the Court may find warranted in the premises.

THIS, the 9TH day of September, 2013

Respectfully submitted,

CLAYTON O'DONNELL, PLLC
1300 Access Road, Suite 200
P.O. Drawer 676
Oxford, MS 38655
Telephone: (662) 234-0900
Facsimile: (662) 234-3557

*s/ S. Ray Hill, III*
**S. RAY HILL, III, MSB# 100088**
*rhill@claytonodonnell.com*

5

## **CERTIFICATE OF SERVICE**

I, S. Ray Hill, III, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Carlos E. Moore
>Tangala L. Hollis
>Moore Law Office, PLLC
>P O Box 1487
>Grenada, MS 38902
>*carlos@carlosmoorelaw.com,marie@carlosmoorelaw.com*
>*tangala@carlosmoorelaw.com, tarsha@carlosmoorelaw.com*

I also hereby certify that I sent, via U. S Mail, a copy of the above and foregoing to the following:

>None.

This the 9th day of September, 2013.

>>*s/ S. Ray Hill, III*
>>**S. RAY HILL, III, MSB# 100088**